IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 14-40051-01-DDC |
| v. | |
| THOMAS SASSOR, JR. (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Thomas Sassor has filed a pro se[1] Motion to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 53 at 1. The government filed a Response. Doc. 56. The court lacks jurisdiction and dismisses Mr. Sassor's motion for reasons explained below. Mr. Sassor also has filed a motion seeking a reduced sentence because his offense makes him ineligible for certain First Step Act credits. Doc. 58. The court dismisses that motion, as well.

**I.      Background**

On October 17, 2014, Mr. Sassor entered a guilty plea (Doc. 44) to abusive sexual contact, violating 18 U.S.C. § 2244(a)(5). On January 27, 2015, a federal probation officer prepared an Amended Presentence Investigation Report (PSR). Doc. 50. Based on Guidelines §§ 2A3.4(c)(1) and 2A3.1(a)(2), the PSR determined that Mr. Sassor had a base offense level of

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

30.  *Id.* at 6 (PSR ¶ 18).  The PSR added four points under Guideline § 2A3.1(b)(1) because the offense involved conduct described in 18 U.S.C. § 2241(a).  *Id.* (PSR ¶ 19).  Two points were added under Guideline § 2A3.1(b)(2)(B) because the victim was between the ages of 12 and 16.  *Id.* (PSR ¶ 20).  The PSR added two more points under Guideline § 2A3.1(b)(3)(A) because Mr. Sassor had custody or care of the victim.  *Id.* (PSR ¶ 21).  The PSR deducted three points because Mr. Sassor accepted responsibility and timely notified authorities of his intent to enter a plea.  *Id.* (PSR ¶¶ 27–28).  Based on the 2014 Guidelines Manual, Mr. Sassor had a total offense level of 35.  *Id.* (PSR ¶ 29).

Mr. Sassor's criminal history produced one criminal history point, establishing a criminal history category of I.  *Id.* at 8 (PSR ¶ 35).  "Based upon a total offense level of 35 and a criminal history category of I, the guideline imprisonment range [was] 168 months to 210 months."  *Id.* at 11 (PSR ¶ 57).  The parties' binding plea agreement jointly recommended a sentence of 20 years—240 months—and five years of supervised release.  Doc. 44 at 2 (Plea Agreement).  On January 26, 2015, the court sentenced Mr. Sassor to imprisonment for 240 months and five years of supervised release.  Doc. 51 at 2, 3.

Mr. Sassor asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his January 2015 sentence and it reduces his offense level by two levels.  Doc. 53 at 1.  Mr. Sassor also assert that he's entitled to a reduced sentence based on his ineligibility to participate in recidivism reduction programs and thus earn credit under the First Step Act.  Doc. 58.  The court addresses Mr. Sassor's motions, but first, recites the governing legal standard.

**II.    Legal Standard**

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

    (1)  on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;

    (2)  if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

    (3)  if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Sassor asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 53.

Effective November 1, 2023, Amendment 821 Part B created Guideline § 4C1.1, which lowers the offense level by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

    (1)  the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2)  the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

    (3)  the defendant did not use violence or credible threats of violence in connection with the offense;

    (4)  the offense did not result in death or serious bodily injury;

    (5)  the instant offense of conviction is not a sex offense;

    (6)  the defendant did not personally cause substantial financial hardship;

    (7)  the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

> (8)     the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9)     the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

### III.    Analysis

The court starts its analysis with Mr. Sassor's Amendment 821 argument.

Mr. Sassor loses his bid for a reduced sentence at the first step, subsection (a)(1), which requires that "the defendant did not receive any criminal history points from Chapter Four, Part A[.]" *Id.* § 4C1.1(a)(1). Mr. Sassor received one criminal history point. Doc. 50 at 8 (PSR ¶ 35). Even if Mr. Sassor had zero criminal history points, he also fails subsection (a)(5), which requires that "the instant offense of conviction is not a sex offense[.]" U.S. Sent'g Guidelines Manual § 4C1.1(a)(5) (U.S. Sent'g Comm'n 2023). "'Sex offense' means . . . an offense, perpetrated against a minor, under . . . chapter 109A of title 18, United States Code[.]" *Id.* § 4C1.1(b)(2). Mr. Sassor was convicted of abusive sexual contact, violating 18 U.S.C. § 2244(a)(5)—a crime within Chapter 109A. It's a sex offense. Doc. 50 at 6 (PSR ¶ 17).

In sum, the new § 4C1.1 added to the Sentencing Guidelines doesn't apply to Mr. Sassor. Because Mr. Sassor's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Sassor's motion (Doc. 53). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240,

1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

Turning to Mr. Sassor's second motion, it seeks a reduced sentence because Mr. Sassor is ineligible to participate in the recidivism reduction program and earn credit under the First Step Act. Doc. 58. Section 3632 in Title 18 of the United States Code provides that prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). But the statute carves out groups of prisoners who are "ineligible to receive time credits," including prisoners "serving a sentence for a conviction under . . . [a]ny section of chapter 109A, relating to sexual abuse." *Id.* § 3632(d)(4)(D)(xxxvii). As already explained, Mr. Sassor pleaded guilty to abusive sexual contact, violating 18 U.S.C. § 2244(a)(5)—a crime within Chapter 109A. Doc. 44.

Mr. Sassor doesn't dispute that his conviction renders him ineligible to receive credit under the First Step Act. Instead, he argues that this the statutory scheme is "unfair" and fails to incentivize him to participate in recidivism-based reduction programs. Doc. 58 at 1. In other words, Mr. Sassor contests how his sentence is being carried out—its execution. But a Motion to Reduce Sentence is an improper mechanism for plaintiff to assert this claim. Prisoners must bring challenges to the execution of their sentence through 28 U.S.C. § 2241, not 18 U.S.C. § 3582(c)(1)(A), the provision Mr. Sassor has invoked here. *Franklin v. Lucero*, No. 20-2155, 2021 WL 4595175, at *3 (10th Cir. Oct. 6, 2021) ("A petitioner's challenge to the deprivation of

5

good-time credits constitutes a challenge to the execution of his sentence."); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (holding a prisoner's objections "concerning good-time credit and parole procedure, go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

But even if the court properly construes Mr. Sassor's motion as a § 2241 motion, the current motion still fails. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "To grant habeas relief within its jurisdiction, the district court must have jurisdiction over the [prisoner's] custodian." *Chappell v. Colorado*, No. 24-1033, 2024 WL 2973701, at *2 (10th Cir. June 13, 2024) (citation and internal quotation marks omitted). This means a petitioner must file a § 2241 motion attacking the way prison authorities have executed his sentence "'in the district where he is incarcerated[.]'" *United States v. Shaw*, 508 F. App'x 769, 772 (10th Cir. 2013) (quoting *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002)). Mr. Sassor is currently incarcerated at FCI Texarkana, Texas, part of the Eastern District of Texas. *See* Doc. 58 at 4. The court only has jurisdiction to grant habeas relief to defendants incarcerated in its jurisdiction—the District of Kansas. *Padilla*, 542 U.S. at 442. Since Mr. Sassor is incarcerated within the Eastern District of Texas, our court lacks jurisdiction to grant Mr. Sassor relief under § 2241. *Shaw*, 508 F. App'x at 772. The court thus dismisses Mr. Sassor's motion (Doc. 58) because it lacks jurisdiction over the motion. *See Al-Pine v. Richerson*, 763 F. App'x 717, 721 n.4 (10th Cir. 2019) (remanding to district court to dismiss for lack of jurisdiction because prisoner filed § 2241 petition in the wrong district).

**IV.     Conclusion**

The court is without jurisdiction to decide Mr. Sassor's Motions to Reduce Sentence. Thus, the court dismisses Mr. Sassor's motions for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Sassor's Motion to Reduce Sentence (Doc. 53) is dismissed.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Sassor's Motion to Reduce Sentence (Doc. 58) is dismissed.

**IT IS SO ORDERED.**

**Dated this 6th day of August, 2024, at Kansas City, Kansas.**

                                                                                    **s/ Daniel D. Crabtree**
                                                                                    **Daniel D. Crabtree**
                                                                                    **United States District Judge**